THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HAROLD JACKSON, Defendant-Appellant.

Third District    No. 79-15

Opinion filed March 27, 1981.—Rehearing denied April 29, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

After a jury trial, the defendant, Harold Jackson, was convicted of the offense of unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(b)). He was sentenced to six years' imprisonment. Defendant asks for a new trial on the grounds that no record of the voir dire examination was made. Alternatively, he asks that his six-year sentence be reduced because the trial judge failed to consider

several mitigating factors and gave too much weight to the aggravating factors.

■■ The absence of a record as to the voir dire proceedings means that this court is unable to consider defendant's suggestions of specific error occurring during voir dire. Recognizing this principle, defendant urges that we reverse because there is no record. That we will not do. There is no law which requires the recording of the voir dire examination. Moreover, the record fails to disclose that defendant requested and was refused transcription of the voir dire. Neither did he "go on the record" during voir dire to have specific assignments of error transcribed. He simply let the voir dire go on without transcription and without objection as to lack of transcription. We recognize the common practice of trial courts and attorneys in ignoring the transcription of the often long, tedious and repetitive voir dire proceedings. This practice is indulged in by seasoned trial counsel and by experienced and able trial judges. It is neither an indication of incompetence of counsel, nor of judicial carelessness. Rather, it is done to save judicial cost and manpower.

Having failed to make any point of this matter during the voir dire proceedings, defendant now asks the appellate court to reverse his conviction. Why, it may be asked, should be appellate court reverse the trial court for a procedure that was never objected to at trial? We should not. To do so would invite the practice of deliberately building error into the record. This is commonly called "sandbagging."

■■ Moreover, our supreme court has, by rule, furnished a method for reconstructing an absent record by preparation of a bystanders report. (Ill. Rev. Stat. 1977, ch. 1104, par. 323(c).) The rule requires that appellant prepare and file a proposed report of proceedings within 14 days after the notice of appeal was filed. The 14 days may be extended if a request for extension is made within that 14-day period. In the instant case, a bystander's report was prepared by defendant and was submitted to the trial court almost 8 months after the notice of appeal was filed and without an authorized extension. The trial court refused to certify the bystander's report because it was not timely and because it was not complete. The ruling was justified on either ground. Timeliness is compellingly necessary in the case of a bystander's report because of the frailty of human memory. Completeness is necessary in order that undue emphasis not be placed on isolated matters that may be out of context. Thus, we reject defendant's request that his conviction be reversed for lack of a reviewable transcription of the voir dire examination.

■■ Alternatively, defendant requests that his six-year sentence be reduced. In this case, the defendant could have received a determinate sentence of between three and seven years. Defendant claims that the judge ignored several mitigating factors and gave too much weight to the

aggravating factors. Defendant even suggests that his "history of criminal activity should have been considered as a mitigating factor rather than in aggravation." After all, his record "showed only two convictions for unlawful possession of cannabis, other than traffic offenses." The traffic offenses were speeding, driving while license suspended and illegal transportation of liquor. Additionally, at the time of sentencing, the defendant had pleaded guilty and was awaiting sentencing in Peoria County for the offense of unlawful delivery of a controlled substance. In the instant case, he was convicted of selling cocaine to undercover agents for the purpose which he understood was distribution to college students at Western Illinois University. Defendant claims that his imprisonment would be a significant hardship for his wife and children. However, the defendant was divorced in 1968. He subsequently moved in with his ex-wife and sired two more children. Defendant admits abuse of various drugs since 1968, including cannabis, hashish, mescaline, amphetamines, and barbiturates. It can hardly be said to be against the manifest weight of evidence for the trial court to conclude that the defendant's ex-wife and children would not suffer undue hardship by his absence from the home. Indeed, the imposition of anything less than the maximum sentence in this case would have to be considered a charitable act on the part of the sentencing judge.

For the reasons given, the judgment of the trial court is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.